GERMÁN ORTIZ, Plaintiff and Appellee, *v.* PEDRO G. QUIÑONES, Defendant and Appellant.

No. 5741.   Argued December 7, 1931.—Decided December 16, 1931.

Pedro G. Quiñones and L. Muñoz Morales for appellant. *Luis Tirado* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

This was an action on some promissory notes partially representing the price of the sale of an automobile. The

execution of the notes and, it may be said, the *prima facie* responsibility of the defendant is not contested. The defendant, however, presented a counter-complaint in which he set up in effect that he had a warranty of the automobile and the plaintiff did not live up to the warranty. All sorts of remote damages were charged in the counter-complaint. Some of them were of such a nature that the defendant would have been bound to discover them almost immediately, especially if they were defects in the manufacture. The evidence showed that the defendant paid some of the notes and drove his car for quite a period before he made a real complaint.

The appellee moves to dismiss the appeal as frivolous. He maintains that the counter-complaint fails to set up a cause of action. Besides alleging the breach of the warranty, the said counter-complaint also set up a special cause of action known as *cuanti minoris*. We have examined the counter-complaint and we are inclined to agree with the appellee that no sufficient cause of action was stated. It was not clearly set forth that the defects arose in the manufacture of the automobile.

However, a demurrer to the cross-complaint was overruled and the case went to trial. The court filed an elaborate opinion and found no evidence of any defects of which the appellant complained. To take a paragraph of the opinion, "Neither has the evidence shown that the breaking of the springs, of the support of the lights, of the glass, of the mud-guards and other imperfections alleged to have happened to the automobile after the defendant acquired it, are due in reality to the bad quality of the materials employed in the manufacture and not to the more or less intensity of the blows which the defendant himself admitted in his counter-complaint the automobile suffered at various moments."

We have found nothing in the statement of the case which could successfully militate against this finding of the court below. We are convinced that the appeal is entirely frivo-

lous and appellant has done nothing to convince us to the contrary.

In our study of this case we thought some light might be thrown upon the motion to dismiss by reason of the brief of the appellant. No such brief is to be found in the record despite the fact that the appellant has had a great number of extensions to file it. A petition for an extension of time was filed on the 12th of November, 1931, and the writer granted it as acting judge, partially on the ground that the defendant was somewhat ill. Generally, if a motion to extend the time is based upon illness, such an excuse ought not to extend over a single extension of thirty days. Furthermore, the record shows that the defendant, himself an attorney, had obtained the services of another attorney. The hearing of the motion to dismiss took place on the 7th of December and the defendant himself argued the case. We think it became the duty of the appellant to have presented his brief so that we might find reasons, if any, for not dismissing the appeal. Instead of presenting his brief, the appellant on the 11th of December filed a motion for an extension of time couched in exactly the same language as the motion of November 12, the defendant again alleging his ill health. The motion for an extension of time should be overruled, and another reason for dismissing this appeal is the lack of a brief.

There were other matters of prescription and the like which we find it unnecessary to consider.

The appeal will be dismissed.